```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| **GEORGE STOKES,**          Plaintiff,     v.  **ATLANTIC COUNTY JAIL, et al.,**          Defendants. | No. 19-cv-21146 (NLH) (JS)   OPINION |

APPEARANCE:

George W. Stokes, 260218
Atlantic County Jail
5060 Atlantic Ave.
Mays Landing, NJ 08330
      Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff George Stokes, presently incarcerated in the Atlantic County Jail in Mays Landing, New Jersey, seeks to bring a claim pursuant to 42 U.S.C. § 1983, against the Atlantic County Jail, Warden David Kelsey, service provider Jewish Family Services, and Director of Administration Gerald M. Henry. See ECF No. 1.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

For the reasons set forth below, the Court will dismiss the Complaint with prejudice. 28 U.S.C. § 1915(e)(2)(b)(ii).

I. BACKGROUND

Plaintiff alleges Jewish Family Services ("JFS") provides inmate services at the Atlantic County Jail. ECF No. 1 at 18. Prior to Plaintiff's court appearance, he asked for a legal phone call but JFS responded that they did not place legal calls. ECF No. 1-2 at 5. They instructed him to write his attorney and set up a phone interview. Id. A few days later he asked again and JFS requested Plaintiff's attorney's name and phone numbers. Id. at 3.

Plaintiff also states JFS discriminated against him. On thirteen separate occasions, he filed a request for information, namely addresses of people and organizations. ECF No. 1 at 18. Nine of these requests were granted, four were denied. Id. at 18-20.

Plaintiff alleges that JFS denied any request that was related to his "education or financial growth." Id. at 20. His April 17, 2018 request for a publisher's address; May 30, 2019 request for "information concerning government grants and small business loans [he] could apply for"; and his June 28, 2019 request for the address of the "marketing department" were all denied. Id. at 18-20. Plaintiff alleges JFS claimed they denied his June 28, 2019 request because it was not related to

2

his case, but Plaintiff states none of his requests were case related.  Id. at 19-20.

Plaintiff applied for assistance in obtaining his New Jersey identification on July 23, 2018.  Id. at 21.  JFS informed Plaintiff he was not eligible for JFS services because he had "a gun charge and or serious charges."  Id.

Plaintiff alleges JFS is discriminating against him because of the kind of charges levelled against him.  He alleges Warden David Kelsey is the "over seer of jail functions" and Gerald M. Henry is the "Director of JFS."  Id. at 23.

## II.  STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis.  The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis and is incarcerated.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has

3

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

Plaintiff alleges JFS is discriminating against him because of the kind of charges levelled against him.

The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV, § 1. The Supreme Court has described this as "a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).

An equal protection claim thus requires a showing that (1) the plaintiff is a member of a protected class and (2) the plaintiff was treated differently from others similarly situated. Oliveira v. Township of Irvington, 41 F. App'x 555, 559 (3d Cir. 2002); see also Johnson v. Fuentes, 704 F. App'x

61, 65 (3d Cir. 2017); Kazar v. Slippery Rock Univ., 679 F. App'x 156, 162 (3d Cir. 2017); Shuman ex rel. Shertzer v. Penn Manor Sch. Dist., 422 F.3d 141, 151 (3d Cir. 2005). Prisoners do not constitute a protected class for Fourteenth Amendment purposes, nor do specific subsets of prisoners such as those with "serious charges." See Myrie v. Comm'r, N.J. Dep't of Corr., 267 F.3d 251, 263 (3d Cir. 2001) ("Prisoners, taken in the large, are not a 'discrete and insular minorit[y].' They are not a 'suspect classification.'" (alteration in original)).

Petitioner's claim is governed by rational basis review, meaning he "must at a minimum allege that he was intentionally treated differently from others similarly situated by the defendant and that there was no rational basis for such treatment." See Phillips v. Cty. of Allegheny, 515 F.3d 224, 243 (3d Cir. 2008). He cannot meet this standard because detainees with "serious charges" are not similarly situated to detainees with less serious charges. See Wilson v. Jin, 698 F. App'x 667, 672 (3d Cir. 2017) (per curiam) (noting that inmates in a Restricted Housing Unit are not similarly situated to general population inmates). The charges against a detainee influences their bail status, custody level, etc., for valid reasons. He has therefore failed to state a claim against JFS for an equal protection violation.

Plaintiff also has not stated a claim for violation of his Sixth Amendment right to counsel for denying him a telephone call to his attorney. Plaintiff states he asked "for a legal call to contact my lawyer" on January 30, 2018 after his arrest but before his court appearance. ECF No. 1-2 at 5. JFS responded that the office did not place calls, but Plaintiff could write to his attorney and set up a phone interview. <u>Id.</u> When Plaintiff again requested a phone call on February 1, 2018, he was instructed to provide his attorney's name, number, and availability to receive phone calls. <u>Id.</u> at 3.

Plaintiff states this occurred prior to his court appearance. ECF No. 1 at 17. The Sixth Amendment right to counsel "exists to protect the accused during trial-type confrontations with the prosecutor." <u>United States v. Gouveia</u>, 467 U.S. 180, 190 (1984). The Supreme Court "ha[s] long recognized that the right to counsel attaches only at or after the initiation of adversary judicial proceedings against the defendant," <u>id.</u> at 187, "whether by way of formal charge, preliminary hearing, indictment, information, or arraignment," <u>Kirby v. Illinois</u>, 406 U.S. 682, 688–89 (1972) (plurality opinion). The Supreme Court "ha[s] never held that the right to counsel attaches at the time of arrest." <u>Gouveia</u>, 467 U.S. at 190. "[B]efore proceedings are initiated a suspect in a criminal investigation has no constitutional right to the

6

assistance of counsel." Davis v. United States, 512 U.S. 452, 457 (1994); James v. York Cty. Police Dep't, 160 F. App'x 126, 132 (3d Cir. 2005). Because Petitioner's Sixth Amendment rights had not attached at the time he was denied the phone call, he has not stated a claim under the Sixth Amendment.

The Court further notes that Plaintiff has failed to allege any facts supporting liability against Warden Kelsey and Mr. Henry. Plaintiff only states that they are in charge of the jail and JFS, respectively. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). The Court concludes that any amendment would be futile. Leave to amend is therefore denied.

CONCLUSION

For the reasons stated above, the Complaint is dismissed with prejudice for failure to state a claim. An appropriate order follows.

Dated: January 14, 2020           __s/ Noel L. Hillman_____
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.